ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Tuesday, March 31, 2020 12:30:40 PM
CASE NUMBER: 2020 CV 01574 Docket ID: 34475891
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE COURT OF COMMON PLEAS
# MONTGOMERY COUNTY, OHIO

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION<br>9800 Fredericksburg Road<br>San Antonio, TX 78288<br><br>Plaintiff<br><br>vs.<br><br>ALIBABA GROUP (U.S.) INC.<br>400 South El Camino Real, Suite 400<br>San Mateo, CA 94402<br><br>and<br><br>ALIBABA GROUP HOLDING LIMITED<br>969 West Wen Yi Road<br>Yu Hang District<br>Hangzhou 311121<br>China<br><br>Defendants | CASE NO.:<br><br>JUDGE:<br><br><br><br><br><br><br><br><br><br>**COMPLAINT**<br>*Jury Demand Endorsed Hereon* |

## PLAINTIFF'S CIVIL ACTION COMPLAINT

Plaintiff, United Services Automobile Association a/s/o Jorge Arzola and Melissa Arzola, by and through counsel, submits this Complaint against Defendants, Alibaba Group (U.S) Inc. and Alibaba Group Holding Limited and hereby avers as follows:

## PARTIES

1. Plaintiff, United Services Automobile Association (hereinafter "USAA"), is a reciprocal interinsurance exchange domiciled in Texas that is an unincorporated association. At all times relevant hereto, USAA was licensed and authorized to issue and administer insurance policies in the State of Ohio.

2. Defendant, Alibaba Group (U.S.) Inc., is a Delaware corporation with a principal place of business located at 400 South El Camino Real, Suite 400, San Mateo, California 94402.

3. Defendant, Alibaba Group Holding Ltd., is a Cayman Islands limited liability corporation with its principal place of business located in the People's Republic of China. Alibaba Group (U.S.) Inc. and Alibaba Group Holding, Ltd. will be collectively referred to as "the Alibaba Defendants."

4. Upon information and belief and at all times material hereto, the Alibaba Defendants own, operate and/or maintain a number of internet business throughout the United States, including Aliexpress.com and are engaged in the design, manufacture, assembly, distribution and sale of consumer products, including, but not limited to hoverboards.

## VENUE AND JURISDICTION

5. Jurisdiction properly lies in this Court pursuant to O.R.C. § 2307.382 because the Alibaba Defendants regularly conduct and/or solicit business within the State of Ohio and/or derive substantial revenue from goods used or consumed in the State of Ohio.

6. Venue properly lies with this Court pursuant to Ohio Civ. R. 3(b) as the Alibaba Defendants regularly conduct and/or solicit business in Montgomery County, Ohio and because the events giving rise to this lawsuit occurred in Montgomery County, Ohio.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, USAA's insureds, Jorge and Melissa Arzola (hereinafter "Plaintiff's insureds") owned and occupied a residential property located at 139 Wisteria Drive, Dayton, Ohio 45419 (hereinafter "the Property").

8. At all times material hereto, Plaintiff issued a policy of insurance to Jorge and Melissa Arzola with such policy insuring the Property and insuring against other losses under policy number 012338612-92A (hereinafter referred to as "the Policy").

9. Prior to April 3, 2018, Plaintiff's insureds purchased a Bluetooth Hoverboard 2 Wheel Self Balancing Scooter (hereinafter "the subject hoverboard") from the Alibaba Defendants on Aliexpress.com.

10. Upon information and belief, the subject hoverboard was designed, manufactured, assembled, distributed, sold and/or otherwise placed in the stream of commerce by the Alibaba Defendants.

11. The subject hoverboard was defective at the time it was sold to Plaintiff's insureds and the subject hoverboard was not altered prior to or subsequent to its sale to Plaintiff's insureds.

12. The subject hoverboard was not subject to any form of misuse, alteration, repair, abnormal use or wear and was in substantially the same condition on April 3, 2018 as it was on the date of its purchase.

13. On April 3, 2018, the subject hoverboard catastrophically failed resulting in a fire loss at the Property (hereinafter "the Fire Loss").

14. Aside from the defective and dangerous condition of the subject hoverboard, no other event, act or omission caused or contributed to the cause of the Fire Loss.

15. The Alibaba Defendants placed the subject hoverboard into the stream of commerce in a defective condition unreasonably dangerous to Plaintiff's insureds.

16. The Fire Loss was a direct and proximate result of the negligence of the Alibaba Defendants and/or as a result of a manufacturing and/or design defects that existed in the subject hoverboard at the time it left the Alibaba Defendants' control.

17. As a result of the Fire Loss, Plaintiff's insureds suffered damages to its Property and sustained additional losses in an amount in excess of $300,000.00.

18. As a result of the Fire Loss, Plaintiff, USAA, made payments to its insureds in accordance with the terms and conditions of the Policy in an amount in excess of $300,000.00.

19. By virtue of the payments made to its insureds, and in accordance with the terms and conditions of the Policy, Plaintiff, USAA, is legally and equitably subrogated to the rights of its insureds to the extent of such payments.

**FIRST CLAIM FOR RELIEF - LIABILITY FOR MANUFACTURER'S DEFECTIVE MANUFACTURE OR CONSTRUCTION PURSUANT TO O.R.C. §§ 2307.73(A)(1) AND 2307.74**

20. Plaintiff hereby incorporates paragraphs 1 through 19 of this Complaint as if fully restated herein.

21. The Alibaba Defendants were the "Manufacturers" of the subject hoverboard as defined in Ohio Revised Code § 2307.71(A)(9) which defines a "Manufacturer" as "a person engaged in a business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of a product."

22. Pursuant to Ohio Revised Code § 2307.73(A)(1), a manufacturer is subject to liability for compensatory damages based upon a product liability claim when the product in question was defective in manufacture or construction as described in § 2307.74 of the Revised Code.

23. The subject hoverboard was defective in manufacture or construction as described in § 2307.74 of the Revised Code when the subject hoverboard left the control of the Alibaba Defendants, it deviated in a material way from the design specifications, formula and/or performance standards of the manufacturer.

24. Further, the subject hoverboard was defective as manufactured and/or constructed because, when it left the control of the Alibaba Defendants, it deviated in a material way from otherwise identical units manufactured to the same design specifications, formula, and/or performance standards.

25. Moreover, the subject hoverboard was defective because it was capable of causing, without notice, substantial injuries to its users/consumers and it was more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

26. As direct and proximate result of said defective manufacture and/or construction of the subject hoverboard, Plaintiff's insureds suffered damages to their property and sustained other losses in an amount in excess of $300,000.00.

27. As a result of the Fire Loss and pursuant to the applicable policy of insurance, Plaintiff made payments to or on behalf of its insureds in an amount in excess of $300,000.00.

28. By virtue of the payments made to its insureds, and in accordance with the terms and conditions of the Policy, Plaintiff, USAA, is legally and equitably subrogated to the rights of its insureds to the extent of such payments.

**SECOND CLAIM FOR RELIEF - LIABILITY FOR MANUFACTURER'S DEFECTIVE DESIGN OR FORMULATION PURSUANT TO <u>O.R.C. §§ 2307.73(A)(1) AND 2307.75</u>**

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as if fully restated herein.

30. The subject hoverboard was defective in design and/or formulation as described in Ohio Revised Code § 2307.75.

31. The subject hoverboard was defective in design and/or formulation because, at the time it left the control of the Alibaba Defendants, the foreseeable risks associated with its design and/or formulation, as determined pursuant to Ohio Revised Code § 2307.75(B), exceeded the benefits associated with that design and/or formulation, as determined pursuant to Ohio Revised Code § 2307.75(C).

32. The design and/or formulation of the subject hoverboard contained risks of harm associated with that design or formulation in light of the intended and reasonably foreseeable uses, modifications, or alterations of the product.

33. Plaintiff's insureds, the intended users of the product, were unaware of those risks of harm.

34. The design and/or formulation of the subject hoverboard was likely to cause harm in light of the intended and reasonably foreseeable uses, modifications, or alterations of the product.

35. The design and/or formulation of the subject hoverboard did not conform to applicable public or private product standards that were in effect when the product left the control of the Alibaba Defendants.

36. The design and/or formulation of the product was more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

37. As direct and proximate result of said defective formulation and/or design of the subject hoverboard, Plaintiff's insureds suffered damages to their property and sustained other losses in an amount in excess of $300,000.00.

38. As a result of the Fire Loss and pursuant to the applicable policy of insurance, Plaintiff made payments to or on behalf of its insureds in an amount in excess of $300,000.00.

39. By virtue of the payments made to its insureds, and in accordance with the terms and conditions of the Policy, Plaintiff, USAA, is legally and equitably subrogated to the rights of its insureds to the extent of such payments.

**THIRD CLAIM FOR RELIEF - LIABILITY FOR MANUFACTURER'S INADEQUATE WARNING AND/OR INSTRUCTION PURSUANT TO O.R.C. §§ 2307.73(A)(1) AND 2307.76**

40. Plaintiffs incorporate by reference paragraphs 1 through 39 of this Complaint as if fully restated herein.

41. The subject hoverboard was defective due to inadequate warnings and/or instructions as described in § 2307.76 of the Ohio Revised Code.

42. The subject hoverboard was defective due to inadequate warnings and/or instructions at the time of marketing because, when it left the control of the Alibaba Defendants, the Alibaba Defendants knew or should have known about the risk of a catastrophic failure associated with the subject hoverboard, which ultimately was the proximate cause of Plaintiff's damages.

43. Further, the Alibaba Defendants failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause the type of harm suffered by Plaintiff's insureds.

44. The Alibaba Defendants failed to provide sufficient warnings and/or instructions that similarly situated manufacturers exercising reasonable care would have provided concerning the aforementioned risks in light of the likelihood that the product would cause harm similar to that suffered by Plaintiff's insureds.

45. As a direct and proximate result of the Alibaba Defendants' inadequate warnings and/or instructions, Plaintiff's insureds suffered damages to their property and sustained other losses in an amount in excess of $300,000.00.

46. As a result of the Fire Loss and pursuant to the applicable policy of insurance, Plaintiff made payments to or on behalf of its insureds in an amount in excess of $300,000.00.

47. By virtue of the payments made to its insureds, and in accordance with the terms and conditions of the Policy, Plaintiff, USAA, is legally and equitably subrogated to the rights of its insureds to the extent of such payments.

**FOURTH CLAIM FOR RELIEF - LIABILITY FOR NONCONFORMANCE WITH MANUFACTURER'S REPRENTATIONS PURSUANT TO
<u>O.R.C. §§ 2307.73(A)(1) AND 2307.77</u>**

48. Plaintiffs incorporate by reference paragraphs 1 through 47 of this Complaint as if fully restated herein.

49. The subject hoverboard was defective due to nonconformance with the Alibaba Defendants' representations, as described in Ohio Revised Code § 2307.77.

50. The subject hoverboard did not conform when it left the control of the Alibaba Defendants to the representations made by the Alibaba Defendants, including those representations to Plaintiff's insureds that the product was safe and fit for the particular purpose to which Plaintiff's insureds used the product.

51. As a direct and proximate result of the nonconformance with the Alibaba Defendants' representations, Plaintiff's insureds suffered damages to their property and sustained other losses in an amount in excess of $300,000.00.

52. As a result of the Fire Loss and pursuant to the applicable policy of insurance, Plaintiff made payments to or on behalf of its insureds in an amount in excess of $300,000.00.

53. By virtue of the payments made to its insureds, and in accordance with the terms and conditions of the Policy, Plaintiff, USAA, is legally and equitably subrogated to the rights of its insureds to the extent of such payments.

### FIFTH CLAIM FOR RELIEF - LIABILITY AS A SUPPLIER PURSUANT TO O.R.C. § 2307.78

54. Plaintiffs incorporate by reference paragraphs 1 through 53 of this Complaint as if fully restated herein.

55. In the alternative, Plaintiff asserts that as opposed to being the manufacturer, the Alibaba Defendants were "Suppliers" of the subject hoverboard as defined in Ohio Revised Code § 2307.71 (A)(15)(a) which defines a Supplier as "A person that, in the course of a business conducted for the purpose, sells, distributes, leases, prepares, blends, packages, labels or otherwise participates in the placing of a product in the stream of commerce."

56. The Alibaba Defendants, in the ordinary course of business, sold, distributed, prepared, blended, packaged, labeled, maintained, and/or otherwise participated in placing the subject hoverboard in the stream of commerce.

57. The Alibaba Defendants are liable as a supplier pursuant to Ohio Revised Code § 2307.78(A) because when the subject hoverboard left the control of the Alibaba Defendants, the product did not conform to representations made by the Alibaba Defendants, including those representations to Plaintiff's insureds that the subject hoverboard was safe and fit for the particular purpose which Plaintiff's insureds used the product.

58. The Alibaba Defendants are liable to Plaintiff as a "Supplier" for the reasons stated and enumerated in Ohio Revised Code § 2307.78, including but not limited to subsection (B)(1), which provides that a supplier is liable as if it was the manufacturer of the subject product if "the manufacturer of that product is not subject to judicial process in this state."

59. Upon information and belief, the subject hoverboard and/or component parts thereof may have been manufactured by an entity that is not subject to judicial process in the State of Ohio.

60. The Alibaba Defendants are also liable to Plaintiff as a "Supplier" for the reasons stated and enumerated in Ohio Revised Code § 2307.78 including but not limited to subsection (B)(8) which provides that a supplier is liable if it failed to respond timely and reasonably to a written request by or on behalf of the claimant to disclose to the claimant the name and address of the manufacturer of that product.

61. Pursuant to Ohio Revised Code § 2307.78, even if the Alibaba Defendants are determined to be a supplier under the Ohio Products Liability Act, and not the manufacturer, the Alibaba Defendants are still liable nonetheless if discovery and evidence demonstrates that any of the circumstances set forth in the Section 2307.78(B) of the Ohio Revised Code applies.

62. As a direct and proximate result of the Fire Loss, Plaintiff's insured sustained significant damages to the Property and sustained other losses in an amount in excess of $300,000.00.

63. As a result of the Fire Loss and pursuant to the applicable policy of insurance, Plaintiff made payments to or on behalf of its insureds in an amount in excess of $300,000.00.

64. By virtue of the payments made to its insureds, and in accordance with the terms and conditions of the Policy, Plaintiff, USAA, is legally and equitably subrogated to the rights of its insureds to the extent of such payments.

> KEIS GEORGE llp
> Attorney for Plaintiff
> 55 Public Square, #800
> Cleveland, Ohio 44113
> 216.241.4100/ F 216.771.3111
> Email: *pomalley@keisgeorge.com*
>
> */s/ Patrick J. O'Malley*
> _____
> BY: Patrick J. O'Malley (0064987)

## JURY DEMAND

Pursuant to Civ. R. 38(B), a trial by a jury composed of the maximum jurors permitted by law is hereby demanded by Plaintiff.

> */s/ Patrick J. O'Malley*
> _____
> Patrick J. O'Malley (0064987)